**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 1:25-cr-240** |
| **v.** | ) | |
| | ) | **Hon. Anthony J. Trenga** |
| **JIBER NEMIAS-LUCS,** | ) | |
| | ) | |
| **Defendant.** | ) | **Plea Hearing: Aug. 20, 2025** |

## GOVERNMENT MOTION TO REQUEST PRESENTENCING REPORT AND OPPOSE IMMEDIATE SENTENCING

Defendant Nemias-Lucs has 11 prior encounters with law enforcement, four prior removals, a prior conviction for illegal entry, and four separate arrests within the last year for: assault and battery, contributing to the delinquency of a minor (an arrest related to an incident involving the alleged rape of a minor by multiple actors), drunk in public, and robbery using force. On Friday, August 15, defense filed a motion requesting immediate sentencing in this case. This is not an appropriate case for immediate sentencing. The Government opposes that request and requests a full PSR.

### I.       Defendant's Criminal History

The defendant first entered this country illegally in June of 2011 at the age of 20. He was removed. Less than three months later, he again illegally entered the United States and was removed a second time. At some point thereafter, he reentered a third time illegally. In 2015, at the age of 24, he was charged in Arlington County with assault and battery of a family member, a charge which was later dismissed. In 2016, he was found guilty in absentia of driving the wrong way on a roadway and driving without a license. And, in August of 2017, he was

convicted of DUI and Refusal in Arlington County and sentenced to 180 days in custody, with 170 suspended, ASAP, and a 12-month license suspension. Because of this arrest and conviction, ICE located the defendant, and he was subsequently removed. The defendant was warned by immigration officials that, should he reenter, he would face felony charges under 8 U.S.C. § 1326. Despite that warning, he reentered a fourth time in defiance of an immigration judge's order. In February of 2018, he was convicted of illegal entry and sentenced to 20 days' imprisonment. He was again removed from the United States. At some point thereafter, the defendant reentered illegally a fifth time.

In August 2023, now age 32, he was charged and convicted in absentia in Arlington County for drunk in public. The defendant's criminal conduct escalated from that point forward. In June of 2024, he was convicted of obstruction of justice and the accompanying drunk in public charge was dismissed. In November, he was charged with two counts of assault and battery for punching someone. In December, he was charged with contributing to the delinquency of a minor. The Government received some, but not all of the reports involving this incident a few weeks ago.[1]

Those reports revealed that this charge is connected to a larger rape investigation involving a 17-year old girl (hereinafter MV-1). In November of 2024, MV-1 encountered several men at a park in Arlington, one of whom was the defendant. The men, including the defendant, were drinking alcohol. The defendant admitted to giving MV-1 alcohol. Later that night, around midnight, MV-1 was found under a picnic table by a passerby that was walking his

---

[1] The Government has not yet obtained many of the police reports related to the defendant's prior criminal conduct that are discussed throughout. However, all of the police reports the Government has so far obtained have been produced to defense counsel in the course of discovery. The Government made the report involving the alleged rape available for review at the U.S. Attorney's Office due to the ongoing investigation and its sensitive nature.

dog in the park. She was lying face-down with her pants around her ankles and her buttocks exposed. When paramedics arrived at the scene, she was in a semi-conscious state and moaning. At the hospital, the examining medical professionals stated that the victim had obvious trauma near her vagina, scratches on her buttocks and blood down her legs.

On December 3, officers arrested the defendant on the contributing to the delinquency of a minor charge after finding him intoxicated and unconscious in a park. Because of the high level of intoxication, the defendant was initially transported to the hospital after the arrest.

The contributing to delinquency of a minor charge was dismissed in January of 2025. However, the investigation of the rape is ongoing.[2] The Government was able to reach MV-1's father on August 18, 2025.

A little over a month after this latest dismissal of charges, on February 17, 2025, the defendant was again arrested, this time for robbery by force. On February 18, 2025, ICE entered a detainer. On April 7, the charges in Arlington were dismissed. On April 14, the complaint and arrest warrant for the instant illegal reentry offense was issued. ECF Nos. 1–2. On June 24, the defendant was again arrested for drunk in public and was subsequently transported on the arrest warrant to federal custody. He made his initial appearance a little less than two months ago on June 27. ECF Nos. 6–7.

## II.     Sentencing Factors

This case is far from the traditional case where immediate sentencing would be appropriate. Those cases typically involve defendants with one or two prior convictions, or a

---

[2]  The Government's understanding is that the defendant remains a suspect. The Government does not know, as of this date, whether the defendant's DNA was associated with the rape, but samples of the defendant's DNA were sent to a laboratory, and the Government expects to learn this information prior to sentencing.

combined criminal history and offense conduct that suggests a PSR will unreasonably lengthen their sentence by keeping them in custody long past the expected sentence in the case.  In those cases too, in stark contrast to this one, the Government usually has obtained most of the information that a PSR might reveal.  The defendant's lengthy contacts with law enforcement, many of which the Government does not yet have information on, the numerous prior removals and prior federal conviction, and the ongoing rape investigation all warrant a PSR.  In addition, the Government notes that the interview of the defendant here, where the defendant's crimes are so clearly linked to alcohol abuse, is of particular importance.

As outlined in 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The Court can generally consider "the widest possible breadth of information about a defendant" to impose a sentence to "suit not merely the offense but the individual." *Pepper v. United States*, 562 U.S. 476, 488 (2011). "Relevant conduct need not be charged, nor must it otherwise even be within the jurisdiction of the sentencing court." *United States v. Gill*, 348 F.3d 147, 151 (6th Cir. 2003); *Witte v. United States*, 515 U.S. 389, 401–05 (1995); *United States v. Williams*, 640 F. App'x 492, 500–01 (6th Cir. 2016); *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 573 n.19 (1996) (the court may consider uncharged conduct and "past criminal behavior which did not result in a conviction.").  This has been the case since before "the American colonies became a nation." *Williams v. New York*, 337 U.S. 241, 246 (1949).

The concept was enshrined in historical practice long before Congress enacted the principle into law, 18 U.S.C. § 3661, and the Supreme Court consistently "has rejected proposal after proposal seeking to impose non-constitutional limits on the information a court may consider at

sentencing," *United States v. Smith*, 756 F.3d 1179, 1182 (10th Cir. 2014) (Gorsuch, J.) (collecting cases). Additionally, Section 1B1.4 of the Sentencing Guidelines provides that the court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."

The preparation of a presentence report is not necessary if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). The present case would not allow for the Court to "meaningfully exercise" its sentencing authority. The underlying details concerning the defendant's past charges should be known by the Court when making its sentencing decision.[3]

---

[3] Finally, the defendant highlighted in the defense motion that he does not have a social security number. Both the Arlington County Police report, from the November 13, 2024 incident, and the defendant's NCIC make note of a social security number linked to the defendant.

### III.    Conclusion

For the foregoing reasons, as well as those to be offered at the hearing on August 20, 2025, the Government opposes any request for immediate sentencing and requests the preparation of a PSR.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:    *Richard Krupczak*
Richard W. Krupczak
Special Assistant United States Attorney
Christopher L. Galarza
Special Assistant United States Attorney
April N. Russo
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   (703) 299-3902
Email:   Richard.krupczak@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, I filed electronically the foregoing with the Clerk of Court

using the CM/ECF system, which will serve all counsel of record.


By:    _____/s/_____
       Richard W. Krupczak
       Special Assistant United States Attorney
       April N. Russo
       Assistant United States Attorney
       United States Attorney's Office
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       Phone: (703) 299-3902
       Email: Richard.krupczak@usdoj.gov